# NO. 12-19-00130-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILLY JACK DRIGGERS, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Billy Jack Driggers appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se brief. We affirm.

## BACKGROUND

The State charged Appellant with possession of a controlled substance, methamphetamine, in an amount of one gram or more, but less than four grams, including any adulterants and dilutants, a third degree felony.[1] The indictment included two felony enhancement paragraphs.[2] Appellant filed a motion to suppress, challenging the warrantless search of his vehicle and whether law enforcement had probable cause to initiate a traffic stop. At the hearing, Debra Daily, a patrol officer with the Whitehouse Police Department, testified that on December 29, 2017, she observed

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)(c) (West 2017).

[2] If it is shown on the trial of a felony offense other than a state jail felony that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than ninety-nine years or less than twenty-five years. TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

a vehicle at the house of a known narcotics user and seller. She noticed that the vehicle's registration sticker was expired. She later saw the same vehicle leave the house, confirmed with her in-car computer system that the vehicle's registration sticker was expired, and initiated a traffic stop. The trial court denied Appellant's motion to suppress, stating that the officer had reasonable suspicion and probable cause to initiate the traffic stop.

After the suppression hearing, Appellant made an "open" plea of guilty, and pleaded "true" to the second enhancement paragraph, forgery of a financial instrument. During the plea hearing, Appellant complained that his counsel did not visit him before trial or prepare him for trial. The trial court accepted Appellant's guilty plea, and adjudged Appellant guilty of the charged offense. Appellant elected for the jury to assess punishment.

The punishment evidence showed that, in addition to the two prior offenses alleged in the indictment, Appellant had been convicted of driving while intoxicated, three theft offenses, two possession of a controlled substance offenses, and criminally negligent homicide. Daily testified that, during the traffic stop, Appellant stated that he recently purchased the vehicle. As Appellant searched for the bill of sale, Daily observed a spoon, with a white powdery substance on it, shoved down in the window. Appellant stated that he used the spoon for breakfast each day. Daily asked for consent to search the vehicle and Appellant agreed. In the vehicle, she found a backpack with a syringe containing a crystal substance, another syringe, and a blue rubber container that held two red plastic baggies with methamphetamine residue on them. In Appellant's boot, Daily discovered a clear plastic baggie with methamphetamine residue on it. The forensic scientist from the Texas Department of Public Safety laboratory in Tyler stated that the clear plastic baggie contained 1.99 grams of methamphetamine.

Appellant testified that he used methamphetamine on the date of the current charge and had methamphetamine in his boot. He also admitted that his bond was revoked for a positive drug test. He claimed that the passenger in his vehicle, not him, knew there were controlled substances in the vehicle. Appellant stated that he used narcotics from the age of sixteen, was sober for approximately seven years, and relapsed in 2013 when his wife was killed, which resulted in his conviction for criminally negligent homicide. According to Appellant, he has been diagnosed with post traumatic stress disorder, bipolar II disorder, agoraphobia, and depression, and needs medications to prevent him from relapsing.

Although Appellant pleaded "true" to the indictment's second enhancement paragraph, he pleaded "not true" to the first enhancement paragraph, burglary of a habitation. Appellant testified that he committed the offense, he was granted community supervision, his community supervision was revoked for three positive urinalyses, and he was sentenced to prison. However, he claimed the date and charge of the offense were incorrect.

At the conclusion of punishment, the jury found both enhancement paragraphs to be "true" and assessed Appellant's punishment at seventy-five years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3]

Appellant filed a pro se brief and raised the following issues: (1) he was wrongfully convicted based on insufficient evidence because the alleged controlled substance, methamphetamine, was "food" salt (hereinafter "table salt"); (2) the State committed prosecutorial misconduct by giving the jury the false impression, and misrepresenting, that the table salt was a controlled substance, and allegedly suppressing a laboratory report that identified the alleged substance as table salt; and (3) trial counsel rendered ineffective assistance by failing to challenge the State's evidence, particularly that the alleged substance was table salt, not methamphetamine.

When faced with an *Anders* brief and pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.  *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

CONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous.  *See id.*  As required by *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw.  *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*.  *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2(a).  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered April 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 22, 2020**

**NO. 12-19-00130-CR**

**BILLY JACK DRIGGERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0229-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*